# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIEN SILVESTRI, and TAMANY SILVESTRI,<br><br>Plaintiffs,<br><br>v.<br><br>BEKINS VAN LINES, INC. et al.,<br><br>Defendants. | Case No.: CV 19-08229-CJC(AFMx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 9] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [Dkt. 14]** |

**I. INTRODUCTION**

On September 23, 2019, Plaintiffs Sebastien and Tamany Silvestri brought this negligent hiring and false advertising action against Bekins Van Lines, Inc., Bekins Moving Solutions, Inc. (collectively "Bekins"), and Does 1 through 100 in Los Angeles County Superior Court. (Dkt. 10-1 [First Amended Complaint, hereinafter "FAC"].) Before the Court are Plaintiffs' motion to remand, (Dkt. 9), and Defendants' motion to

dismiss, (Dkt. 14). For the following reasons, Plaintiffs' motion to remand is **GRANTED** and Defendants' motion to dismiss is **DENIED AS MOOT**.[1]

## II. BACKGROUND

This case arises from the alleged theft of over $20,000 worth of personal property from Plaintiffs' Beverly Hills home. The FAC alleges the following facts. Before moving to Beverly Hills, Plaintiffs resided in Florida. (FAC ¶ 1.) Around July 1, 2018, Plaintiffs hired Bekins, a moving company, to assist them with their cross-country move. (*Id.* ¶ 13.) When deciding which moving company to hire, Plaintiffs allegedly relied on Bekins's advertisements. (*Id.*) These advertisements assured consumers that Bekins conducts background checks on their movers and that consumers "can count on our expert movers to take care of your personal belongings." (*Id.* ¶¶ 13, 15.) The move took place in early July 2018. (*Id.* ¶ 18)

On July 10, 2018, after Plaintiffs and their belongings had arrived in their new California home, Bekins sent three movers to the house to help them unpack. (*Id.* ¶ 20.) Bekins sent four more movers over on July 14, 2018. (*Id.*) Soon after the movers left Plaintiffs' home on July 14, Plaintiffs discovered that two designer watches, two rings, and a pair of earrings were missing from their home. (*Id.* ¶ 22.) Plaintiffs estimate that these items were worth a total of $21,540. (*Id.* ¶ 19.) The stolen valuables had all been stored together in a jewelry box hidden inside of a suitcase. (*Id.*) Plaintiffs discovered that the suitcase had been unzipped and that the valuables were missing. (*Id.*) The suitcase containing jewelry box had not been shipped from Florida by Defendants along with Plaintiffs' other belongings. (*Id.*) It remained in Plaintiffs' possession at all times

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings set for November 4, 2019, and November 25, 2019 at 1:30 p.m. are hereby vacated and off calendar.

during the move.  (*Id.*)  When Plaintiffs contacted Bekins regarding the suspected theft, Bekins was allegedly unable to provide Plaintiff with the names of some of the movers who had been sent to the home on July 14.  (*Id.* ¶ 23.)  Plaintiffs have not yet been able to recover their valuables.

Plaintiffs sued Defendants in Los Angeles Superior Court, asserting a number of violations of California law including (1) violation of the California Consumer Legal Remedies Act, (2) false advertising, (3) unfair business practices, and (4) negligence and negligent hiring.  Defendants subsequently removed the case, alleging that all of Plaintiffs' claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)  Plaintiff then filed a motion to remand the case to Los Angeles Superior Court.

## III.  DISCUSSION

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted).  A civil action brought in state court may only be removed by the defendant to a federal district court if the action could have been brought there originally.  28 U.S.C. § 1441(a).  Federal courts have subject matter jurisdiction over cases "arising under" federal law.  28 U.S.C. §§ 1331.  Generally, under the "well-pleaded complaint rule," cases arise under federal law only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  An exception to the well-pleaded complaint rule occurs "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).  In these instances, cases asserting state law claims that fall within the scope of the preemption are removable under 28 U.S.C. § 1441 even though no federal claim expressly appears on the

face of the complaint. *See id.* When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The Carmack Amendment, 49 U.S.C. § 14706, was enacted in 1906 as an amendment to the Interstate Commerce Act. *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 96 (2010). The amendment was designed to establish a "national scheme of carrier liability for goods damaged or lost during interstate shipment." *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 620 (9th Cir. 2005). Given this desire for uniformity, the Carmack Amendment "provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008). All claims that "arise[] from the same conduct as [] claims for delay, loss or damage to shipped property" are preempted by the Carmack Amendment. *Id.* at 586. For jurisdictional purposes, if a plaintiff's state law claims are completely preempted by the Carmack Amendment, the case presents a federal question and can be properly removed by a defendant. *See Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007).

The parties' dispute here concerns whether Plaintiffs' claims are subject to Carmack Amendment preemption. Plaintiffs contend that, because their claims do not involve property that was shipped by Bekins in interstate commerce, the Carmack Amendment does not apply. Defendants assert that the Carmack Amendment's preemptive scope is broad enough to encompass Plaintiffs' claims even though the valuables in question were not shipped by Bekins during the move. The Court agrees with Plaintiffs.

"[T]he Carmack Amendment does not purport to regulate all transactions merely because a carrier and a shipper are involved." *Meadowgate Techs., LLC v. Fiasco Enters., Inc.*, 2018 WL 1400678, at *2 (S.D. Cal. Mar. 20, 2018). Rather, it provides the exclusive cause of action for damage to goods that "a carrier *transports*." *See Campbell*, 410 F.3d at 620 (emphasis added); *see also Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997) (holding that "all state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (the Carmack Amendment is the exclusive cause of action "for loss or damages to goods arising from the interstate transportation of *those goods* by a common carrier"). The regulations interpreting the Carmack Amendment confirm that its scope is limited to goods that are moved by carriers. *See* 49 C.F.R. § 1005.1 ("[t]he regulations set forth in this part shall govern the processing of claims for loss, damage, injury, or delay to *property transported* or accepted for transportation, in interstate or foreign commerce") (emphasis added). Because this case centers on the loss of goods that were not actually transported by Defendants, it does not fall within the Carmack Amendment's preemptive scope. *See Campbell*, 410 F.3d at 620 (the Carmack Amendment preempts state law claims against carriers for "goods damaged or lost during interstate shipment").

The typical case of Carmack Amendment preemption involves a plaintiff asserting state law breach of contract and negligence claims against a carrier who allegedly damaged their goods in transit or unreasonably delayed shipment. *See, e.g.*, *Shaghal, Ltd. v. C. Transport LLC*, 2017 WL 3317812, at *1 (C.D. Cal. Aug. 3, 2017). The case before the Court presents a far different set of facts. Although a shipping contract between the parties existed, Plaintiffs' claims do not arise from any alleged breach of that contract. And Defendants never transported the goods which form the basis of Plaintiffs' claims. According to the complaint, "the Silvestris kept their most precious valuables in a jewelry

box that was packed in suitcase that was with them at all times. Defendants did not transport these valuables." (FAC ¶ 19.) *Olympian Worldwide Moving & Storage Inc. v. Showalter* is instructive on this point. 2013 WL 3875299, at *2 (D. Ariz. July 26, 2013). There, the plaintiff alleged that defendant's employees stole a wedding ring during the moving process. *Id.* In determining whether the Carmack Amendment preempted claims stemming from that theft, the court found that a "potentially dispositive factual matter" was whether the ring was part of the property that the movers were meant to handle. *Id.* at *2. Only after determining that the ring was included in the property to be delivered did the court hold that Carmack Amendment preemption applied. *Id.* at *3.

Defendant's reliance on *White v. Mayflower Transit*, 543 F.3d 581 (9th Cir. 2008) is inappropriate. In that case, the court held that plaintiff's intentional infliction of emotional distress ("IIED") claim was preempted by the Carmack Amendment. *See White*, 543 F.3d at 586. But that claim—unlike Plaintiffs' here—was based on the emotional distress that plaintiff suffered as a result of defendant losing plaintiff's belongings during a cross-county move. *Id.* at 583. The court addressed the scope of Carmack Amendment preemption and held that the IIED claim was preempted "to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property." *Id.* Plaintiffs' claims here, by contrast, have nothing to do with any "claims for delay, loss or damage to shipped property." *Id.* They do not allege that any of their shipped property was damaged during the move. Rather, they allege that, after the move was complete, people working for Defendants stole valuables out of their home. Defendants do not cite any cases preempting claims involving goods that were never shipped by the defendant carrier. The Court declines to take the first step in expanding the scope of Carmack Amendment preemption, especially in a posture where "federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566. Accordingly, Plaintiffs' motion to remand is **GRANTED**.

## IV. CONCLUSION

For the following reasons, Plaintiffs' motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court. In light of this ruling, Defendants' motion to dismiss, (Dkt. 14), is **DENIED AS MOOT**.

DATED: October 24, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE